IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
      v.                       )    Criminal Action No.
                               )    06-06010-01-CR-SJ-SOW
TIMOTHY D. MORRISS,            )
                               )
            Defendant.         )

<u>ORDER CONTINUING CURRENT TRIAL SETTING</u>

Before the court is a motion to reconsider the previous
order granting a continuance only until the October 2006
trial docket rather than the December trial docket as
requested by defendant.  In support of the motion, defendant
states in part as follows:

    2.   Mr. Morriss was arrested in the state of
Texas and made his first appearance in the Western
District of Missouri on July 7, 2006.

    3.   On July 7, 2006, the Court appointed the
Federal Public Defender and his assistants to represent
the defendant.

    4.   On July 10, 2006, an arraignment and
detention hearing was held before the Honorable Robert
E. Larsen, United States Magistrate Judge.

    5.   On July 27, 2006, defendant requested a
continuance from the August 28, 2006, trial docket to
the December 11, 2006, trial docket, citing the need
for extensive investigation in Texas and trial
preparation.

    6.   On August 7, 2006, Cynthia Phillips,
Assistant United States Attorney, filed a written
opposition to defendant's continuance motion because
one of the minor victims turns 18 years old soon after

October 10, 2006 and will lose the legal protection of being a minor; the government has provided full discovery; and the case does not involve computer media.

7.    On August 8, 2006, the Court entered an Order continuing the trial date from August 28, 2006, to October 2, 2006, but denying defendant's request for a trial date of December 11, 2006.  The Court indicated in the Order that the case had been ongoing in this District for nearly two months, the case is open file discovery, and there would be prejudice to the minor victims in the case.

8.    Defendant requests the Court to reconsider the continuance request based on the following reasons:

a.    Undersigned counsel was appointed approximately one month ago.

b.    Although the case is open file discovery, defense counsel did not receive discovery until August 3, 2006.

c.    The alleged incidents charged in the Indictment occurred on or about July 26, 2005, through July 30, 2005.  The case was not indicted until June 6, 2006.  The government has had nearly one year to prepare the case against Mr. Morriss. Any concern the government had regarding prejudice to the minor victims in turning 18 years old prior to the requested trial date of December 11, 2006, could have been remedied by indicting the case several months sooner.  The government had the benefit of a disproportionate amount of time for trial preparation.

d.    Defense counsel will be in trial on August 28, 2006, in United States v. Michael Smith, Case No. 06-00133-01-CR-W-DW. Additionally, defense counsel has a number of court commitments between now and the current trial setting of October 2, 2006, and has an active caseload of forty-eight cases.

e.    Defendant is facing a minimum sentence of 20 years, if convicted, in this case.  It is imperative that the case be fully investigated which includes extensive investigation and witness

interviews throughout the State of Texas. After witnesses are interviewed, counsel needs time to discuss the interviews with defendant, and time to obtain and serve subpoenas. Additionally, travel arrangements would have to be made through the U.S. Marshal for the witnesses' attendance at trial. Undersigned counsel believes a continuance until December 11, 2006, is necessary to adequately prepare for trial.

      f.    Counsel has consulted with defendant who is in agreement with the continuance request.

On August 17, 2006, the government filed a response to defendant's motion to reconsider. The government states that the case was initially investigated by Kansas and Texas state authorities and the AUSA did not receive the case until February 2006. "The case was indicted four months after receiving the case, and would have been indicted sooner but for the defendant's evasion of the execution of the federal search warrant for his DNA." The government then goes on to cite the provisions of 18 U.S.C. § 3509, which provides for a guardian ad litem, adult attendant, closed circuit testimony, videotaped deposition, testimonial aids, and other privacy protections such as secured documents identifying the child and protection of the child's identity. The government did not provide any factual basis for the victim's need for these services given her impending 18th birthday.

On August 21, 2006, defendant filed a reply arguing in part as follows:

Case 5:06-cr-06010-SOW   Document 26   Filed 08/22/06   Page 3 of 8

7.    Government investigators began the investigation on July 31, 2005, when a Frisco Texas Police Department Officer was dispatched to one of the reporting victim's residence. The government began their investigation on that date.  All of the investigation done by Texas and Kansas state officials was provided to the Federal authorities.  The two alleged victims were interviewed by Kansas authorities on November 2 and 3, 2005 and copies were provided to Agent Lipanovich and AUSA Cynthia Phillips in November, 2005.  Regardless of what agency began the investigation, the government has still had nearly one year to investigate the case.  The government also alleges Mr. Morriss evaded the execution of the federal search warrant for DNA.  It appears the warrant for Mr. Morriss' DNA was issued on March 2, 2006, and was collected on March 9, 2006.

8.    The government asserts the minor victims will suffer adverse legal implications if the case is continued until after they turn 18 years old and lose key legal protections.  May of the legal protections provided in 18 U.S.C. § 3509 do not appear to be necessary in this case because the victims are 17 years old and not young children.  Defendant will agree to not raise an objection to any of these protections on that basis of age, but reserves the right to object on other grounds.

9.    The statute provides the Court <u>may</u> designate the case of being of special public importance.  (18 U.S.C. § 3509(j)).  Factors to be considered in granting a continuance are the age of the child and the potential adverse impact the delay may have on the child's well-being.  The government has failed to demonstrate any adverse impact on the victim's well-being. The victims became involved with the legal process when the case began in July, 2005, and there is not showing that a continuance from October 2 to December 11, 2006, will adversely affect the victims. . . .

Title 18, United States Code, Section 3509, as amended by PL 109-248, July 27 2006, 120 Stat 587, provides various benefits to a child victim of sexual abuse.  However, the existence of the statute does not wipe out any of the

4

defendant's constitutional rights, including the constitutional right to effective assistance of counsel.

In <u>United States v. Bordeaux</u>, 400 F.3d 548 (8th Cir. 2005), the Eighth Circuit reversed a conviction for aggravated sexual abuse "[b]ecause Mr. Bordeaux was denied the opportunity to confront his accuser as provided for in the sixth amendment". <u>Id</u>. at 552. In that case, the female child victim, AWH, testified at trial with single-word answers and sometimes a movement of the head. The prosecutor asked that AWH be allowed to finish her testimony by two-way closed-circuit television (meaning she and the defendant could see each other through a television screen), the prosecutor believing AWH's answers would be more forthcoming that way. The judge and the attorneys questioned AWH in chambers, and thereafter the judge determined that AWH was afraid of the defendant and of testifying in front of the jury in a large courtroom. The judge, therefore, allowed AWH to testify in a separate room by two-way closed-circuit television pursuant to 18 U.S.C. § 3509(b)(1)(B)(i).

The court of appeals reversed, finding that in order to overcome the defendant's sixth amendment right to confront his accuser, the court had to find that the denial of such a constitutional right was necessary to further an important public policy and only where the reliability of the

5

testimony is otherwise assured, relying on <u>Maryland v. Craig</u>, 497 U.S. 836 (1990), and <u>United States v. Turning Bear</u>, 357 F.3d 730 (8th Cir. 2004). The court held that the trauma caused by the presence of the defendant was the dominant element to consider because AWH's fear of the jury and the courtroom could be addressed by having her testify in front of the defendant in a smaller room. The court stated in that in <u>Turning Bear</u>, § 3509 was found unconstitutional to the extent it required a different showing of fear from what <u>Craig</u> required (§ 3509 was enacted after <u>Craig</u>), i.e., it must be found that the denial of the constitutional right is necessary to further an important public policy and that the reliability of the testimony is otherwise assured.

Because the district court had found that AWH's fear of the defendant was only one reason why she could not testify in open court, the strict standard of <u>Craig</u> was not met and the Eighth Circuit reversed the conviction based on the denial of the sixth amendment right of confrontation.

In this case, the government cited the provisions of the statute; however, the government provided no factual basis for the court to determine whether any of those protections would be relevant in this case. Therefore, there is no factual basis for denying defendant's constitutional right to effective assistance of counsel.

6

That is not to say that the minor victims will not
receive any of the protections outlined in § 3509.  It
simply means that at this stage of the case, there is not a
sufficient basis for finding that an important public policy
must outweigh the defendant's constitutional right to
effective assistance of counsel.  Because defense counsel
cannot effectively prepare for trial before the December 11,
2006, trial docket, the continuance requested by defendant
must be granted.

The Speedy Trial Act of 1974, as amended, mandates the
commencement of the trial of a defendant within 70 days from
the defendant's first appearance before a judicial officer
of the court in which the charge is pending.  In computing
the 70-day time period, the periods of delay set forth in 18
U.S.C. § 3161(h) are to be excluded.  Any period of delay
resulting from a continuance granted at the request of a
defendant is excusable if the court finds the ends of
justice served by taking such action outweigh the best
interest of the public and the defendant in a speedy trial,
provided the court sets forth the reason for such finding.

In light of the circumstances and the law as described
above, I find that the ends of justice served by removing
this criminal action from the joint criminal jury trial
docket which will commence October 2, 2006, and continuing
the trial until the joint criminal jury trial docket which

7

will commence December 11, 2006, outweigh the best interest of the public and the defendant in a speedy trial.

In accordance with § 3161(h)(8)(C), congestion of the court's calendar was not considered in deciding to remove this case from the joint criminal jury trial docket which will commence October 2, 2006.

In light of the circumstances described above, it is

ORDERED that this criminal action is removed from the joint criminal jury trial docket which will commence October 2, 2006. It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence December 11, 2006. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h)(3), the time between the date of this order and December 11, 2006, shall be excluded in computing the time within which the trial of this criminal action must commence.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 22, 2006

8